IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK RUFFIN PETITIONER

VS. CIVIL ACTION NO. 3:17-cv-502-CWR-FKB

SHERIFF BILLY SOLLIE RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent Sheriff Billy Sollie's Motion to Dismiss [4], to which Petitioner Mark Ruffin has failed to respond. Respondent argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because it is premature and Ruffin has failed to exhaust state court remedies. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action be dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

In this action, Ruffin challenges the revocation of his post-release supervision and the imposition of his suspended sentence by the Circuit Court of Lauderdale County.

Petitioner originally pleaded guilty to possession of a firearm by a felon in Lauderdale County Circuit Court, Cause No. 360-13, on May 21, 2014. [4-1]. At that time, the Circuit Court sentenced Ruffin to a term of ten (10) years, with nine (9) years and 364 days suspended, and post-release supervision for a period of three (3) years. *Id.* at 1.

On June 12, 2017, the Circuit Court signed an order finding that Ruffin had violated four conditions of his post-release supervision and, consequently, it imposed his suspended sentence.

[4-2]. The court sentenced Ruffin to serve nine (9) years and 364 days in the custody of the Mississippi Department of Corrections ("MDOC"), with 107 days of credit for time served, plus fines in the amount of $1,030.50. *Id.*

This Court received and filed Ruffin's undated petition on June 27, 2017. [1] at 1. In his petition, Ruffin clarifies that his petition attacks only the state court's revocation of his post-release supervision by concluding that he had violated the terms of his post-release supervision. *Id.* at 5-6. He states that he does not attack the sentence imposed by the state court in May 2014. *Id.* at 6. Ruffin argues that the order of revocation wrongfully states that he had committed the offenses of sale of methamphetamine, even though he had yet to be tried when the revocation order was entered, or by the time he filed his habeas corpus petition. *Id.* at 5. Ruffin also admits that he has not appealed the revocation of his sentence to the highest state court having jurisdiction. *Id.* at 12.

The State argues that the petition should be dismissed because it is premature and Ruffin has failed to exhaust available state court remedies.

<u>DISCUSSION</u>

The Court observes that before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that Ruffin's federal habeas petition is premature because his state court remedies have not been properly exhausted.

The relevant portions of § 2254 provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

In this case, as of the filing of the State's Motion to Dismiss, Ruffin had yet to file any motion for post-conviction relief related to the revocation of his post-release supervision pursuant to Mississippi Code Ann. § 99-39-5(1)(h), and Ruffin admits that he has not presented his federal habeas claim to the highest state court. Accordingly, he has failed to exhaust his state court remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance

while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust. *Id.* However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Respondent submits that such "limited circumstances" do not exist in the instant case because Ruffin fails to show "good cause" for his failure to exhaust his claims in state court. *See Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Ruffin admits that he is using this forum to attack the state court's finding that he has violated his post-release supervision, that he does not have an appeal of the revocation pending in any court, and that he has yet to receive any response to a grievance he filed about the revocation at the Lauderdale County Detention Center. [1] at 6-7, 12. Furthermore, in his petition, he declined to respond to questions regarding whether he had attempted to raise the issue of his only ground of relief through a post-conviction motion or petition for habeas corpus in a state trial court. *Id.* at 6. Thus, the undersigned concludes that Ruffin has failed to show "good cause" for his failure to exhaust his claims in state court, and that this matter should not be stayed and held in abeyance while he accomplishes exhaustion.

CONCLUSION

Accordingly, based on the foregoing analysis, the Court finds that Respondent's Motion to Dismiss [4] should be granted.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 8th day of January, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE